UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIRK MARCUS FOSTER,

    Petitioner,

vs.                                              Case No. 3:19-cv-1090-BJD-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

**ORDER**

**I.  INTRODUCTION**

Petitioner Kirk Marcus Foster, an inmate of the Florida penal system, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 11). He challenges his state court (Duval County) conviction for attempted armed robbery, armed robbery, and aggravated battery with a deadly weapon. Id. at 1.

Respondents filed a Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Response) (Doc. 6), asserting the federal petition is time-

barred and due to be dismissed.[1] Petitioner filed a Reply to State's Answer (Reply) (Doc. 10), stating he disputes Respondents' calculation, asserts his Petition is timely filed, and contends his judgment became final on January 28, 2015. Reply at 1-3. Alternatively, he contends that if the Court were to find the petition untimely, it would constitute a manifest injustice and a miscarriage of justice. Id. at 1.

## II. TIMELINESS

Respondents assert the Petition is untimely. Response at 5-10. Upon review, the Petition was filed beyond the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations.

Of import, under AEDPA,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] Respondents filed an Appendix (Doc. 6). The Court hereinafter refers to the exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system for the Petition, Response, and Reply.

>   removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Review of the record shows Petitioner failed to comply with the limitation period described above.

After judgment and conviction, Petitioner appealed to the First District Court of Appeal (1st DCA). Ex. A at 106; Ex. C; Ex. D; Ex. E. On December 20, 2013, the 1st DCA affirmed per curiam. Ex. F; Foster v. State, 128 So. 3d 800 (Fla. 1st DCA 2013) (per curiam) (unpublished). The mandate issued January 7, 2014. Ex. G.

The conviction became final on Thursday, March 20, 2014 (the 90th day after December 20, 2013) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). The limitation period began running on Friday, March 21, 2014, and ran for a period of 168 days, until Petitioner filed a pro se Rule 3.850 motion, filed on September 5, 2014, pursuant to the mailbox rule. Ex. H. The circuit court denied post-conviction relief on June 19, 2019. Ex. L at 131-62. Petitioner sought rehearing, id. at 163-67, and the circuit court denied rehearing. Id. at 168. Petitioner appealed the denial of his motion for post-conviction relief. Id. at 169. He filed an appeal brief, Ex. Q, and the state filed a notice of not filing a brief. Ex. R. Petitioner replied. Ex. S. The 1st DCA, on August 7, 2018, per curiam affirmed. Ex. T; Foster v. State, 252 So. 3d 150 (Fla. 1st DCA 2018). Petitioner sought rehearing, and on September 12, 2018 the 1st DCA denied rehearing. Ex. U; Ex. V. The mandate issued on Wednesday, October 3, 2018. Ex. W.

The limitation period began to run Thursday, October 4, 2018 and ran for a period of 47 days before Petitioner filed a Motion to Recall Mandate on

4

Tuesday, November 20, 2018.[2] Ex. X. On Monday, December 3, 2018, the 1st DCA denied the motion to recall the mandate. Ex. Y. On Tuesday, December 4, 2018 the limitation period began running. There were 151 days remaining in the limitation period.[3] The limitation period expired on Monday, May 6, 2019.[4] See Response at 7. Petitioner filed his Petition in this Court on September 20, 2019. As such, the Court finds the Petition is untimely filed.

### III. EQUITABLE TOLLING

Based on the history outlined above, the Petition is untimely and due to be dismissed unless Petitioner can establish equitable tolling of the statute of limitations is warranted. Petitioner contends it would "constitute a manifest injustice where the petitioner was incompetent at the time of his proceedings" and "it must be presumed that the petitioner remains incompetent to proceed." Reply at 3.

The AEDPA is applicable to Petitioner's case as his conviction became final after April 24, 1996, the effective date of AEDPA. Smith v. Jones, 256

---

[2] Respondents assume, without conceding, that the filing of the motion to recall the mandate tolled the limitation period. Response at 7. As such, the Court will assume *arguendo* that the pendency of the motion to recall the mandate tolled the limitation period.

[3] This Court's calculation accounts for a leap year, 2016, which consists of 366 days.

[4] The 151st day would fall on a Saturday, May 4, 2019; therefore, the limitation period expired on Monday, May 6, 2019.

5

F.3d 1135, 1143 (11th Cir. 2001) (by its terms, the state of limitations provision in AEDPA bars any petition filed more than a year after the conviction became final at the conclusion of direct appeal, absent exceptions and qualified tolling periods), cert. denied, 534 U.S. 1136 (2002). The AEDPA one-year limitation period is subject to equitable tolling. Holland v. Fla., 560 U.S. 631, 651-52 (2010).

Petitioner carries the burden of persuasion. He must satisfy a two-pronged test; he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (quotation marks omitted). See Christmas v. Judd, No. 20-14431, 2021 WL 4860927, at *1 (11th Cir. Oct. 19, 2021) (per curiam) (not reported in Fed. Rptr.) (same). Apparently, Petitioner is contending he can establish that equitable tolling of the statute of limitations is warranted, claiming extraordinary circumstances beyond his control. Although not a model of clarity, Petitioner seems to contend his alleged mental illness satisfies both prongs, the diligence prong, and the extraordinary circumstances prong.

Equitable tolling is an extraordinary remedy, only employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation

omitted), cert. denied, 138 S. Ct. 1042 (2018).  See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (equitable tolling "is a remedy that must be used sparingly").   This heavy burden is not easily surmounted.

To the extent Petitioner is claiming he was mentally incompetent during the entire relevant one-year period, he has not adequately supported the claim with evidence from that specific period.  There is no evidence of a mental condition or infirmity other than those stated in the trial court record. Furthermore, a simple allegation of mental incompetency, without a showing of a causal connection between the incompetence and the failure to file a timely application does not justify equitable tolling.  Lawrence v. Fla., 421 F.3d 1221, 1226-26 (11th Cir. 2005).  See Fox v. McNeil, 373 F. App'x 32, 34 (11th Cir. 2010) (per curiam), cert. denied, 562 U.S. 1202 (2011).

Indeed, some form of "mental impairment" is not a *per se* reason to toll. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (citation omitted).  See Rabette v. Sec'y, Dep't of Corr., No. 5:14-cv-101, 2015 WL 6704418, at *4 -*5 (M.D. Fla. Nov. 2, 2015) (not reported in Fed. Supp.) (finding petitioner's complaint of mental incapacity and reliance upon prison law clerks insufficient to warrant equitable tolling).  Even a contention of a lifetime of mental illness may be deemed insufficient to justify equitable tolling.  See O'Connor v. Inch, No. 17-60234-CV-COHN/REID, 2019 WL 11029408, at *3

(S.D. Fla. Sept. 24, 2019) (citing Lawrence). Indeed, a petitioner must make a showing that his mental illness was so profound and debilitating that he was unable to file a timely habeas petition given his mental limitations. Lewis v. Howerton, No. 1:07-cv-2308-JEC-WEJ, 2012 WL 4514044, at *16 (N.D. Ga. Sept. 30, 2012) (not reported in F.Supp.2d).

The record does reflect that at one point in a pre-trial proceeding Petitioner said he had difficulty understanding the trial judge and told the court he was taking psychotropic medication prescribed at the jail, and there is also reference to suicidal ideation (both threatening to act upon it and acting upon it). Ex. B at 19-20, 39, 330, 332. Additionally, the record shows Petitioner elected not to be in the courtroom for jury selection and trial. Id. at 24. However, the trial court found Petitioner was attempting to manipulate the court proceeding as he had been fully cooperative and able to understand all proceedings up until the final pretrial and trial when he became obstinate and disagreeable. Id. at 23, 30-31.

Petitioner's vague and conclusory contention that his mental condition during the one-year limitation period caused the untimely filing is certainly insufficient to satisfy the requirement that Petitioner present evidence to create a factual issue as to a causal connection between any mental impairment and his ability to file a timely petition. Petitioner offers nothing

8

to support his contention of being mentally incapacitated during the one-year limitation period (running from March 21, 2014 until the limitation period expired on May 6, 2019) to the extent he was incapable of filing a federal petition in a timely fashion. The law requires more: "he must show he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did." Moore v. Bryant, No. 8:06-CV-1365-T30TBM, 2006 WL 3091530, at *2 (M.D. Fla. Oct. 30, 2006) (not reported in F.Supp.2d). The record demonstrates for a period lasting well over four and a half years, Petitioner actively sought post-conviction relief, flooding the state court with documents challenging his judgment and conviction.

Petitioner's failure to present evidence in support of his assertion of mental incapacity and his utter failure to show the causal connection between the alleged mental deficiency and the ability to timely file is deemed insufficient to satisfy the requirements for entitlement to equitable tolling. See Taylor v. Lightner, No. 14-00156-WS-N, 2015 WL 3407622, at *5 (S.D. Ala. May 27, 2015) (not reported in F.Supp.3d); Scott v. Tucker, No. 3:11cv64/WS/EMT, 2012 WL 1314087, at *6 (N.D. Fla. Mar. 15, 2012) (not reported in F.Supp.2d), report and recommendation adopted by 2012 WL 1313500 (N.D. Fla. Apr. 17, 2012). As such, Petitioner is not entitled to the

extraordinary remedy of equitable tolling and his Petition is due to be dismissed as untimely.

Apparently, Petitioner is also contending it would amount to a fundamental miscarriage of justice to not address the merits of his Petition. Reply at 1. To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggan v. Perkins, 569 U.S. 383, 395 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner).[5] Here, Petitioner points to no new evidence that was not available at the time of trial. He has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Therefore, he has failed to demonstrate he has new evidence establishing actual innocence.

---

[5] To the extent this Court should broadly construe the Petition as claiming legal innocence, not factual innocence, that will not save the day. Although Petitioner claims mental illness or incapacity, Petitioner is required to show factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). See Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1012-13 (11th Cir.) (per curiam) (factual innocence required), cert. denied, 568 U.S. 914 (2012). Petitioner has not made a credible showing of actual innocence,

In conclusion, the Court finds Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. He has not shown extraordinary circumstances stood in his way and prevented him from timely filing the Petition. Furthermore, he has not shown he exercised due diligence. As such, he fails to demonstrate he is entitled to equitable tolling. He has also failed to demonstrate he has new evidence establishing actual innocence.

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, he is not excused from complying with the time constraints for filing a federal petition. 28 U.S.C. § 2244(d). As such, the Court will dismiss the Petition and this case with prejudice as untimely.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4.      If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of February, 2022.

                                                                         _____
                                                                         BRIAN J. DAVIS
                                                                         United States District Judge

sa 1/28
c:
Kirk Marcus Foster
Counsel of Record

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.